## HAYDEN v. THE STATE.

*Son assault* is a good defence to an indictment for *mayhem;* but the defence can only be sustained by proof, that the resistance was in proportion to the injury offered.

ERROR to the *Union* Circuit Court.

SULLIVAN, J.—This was an indictment for simple *mayhem*, under the 31st section of the act of 1831 relative to crime and punishment. The indictment charges the defendant with unlawfully, &c., slitting and biting the ear of *A. Patterson*, (the prosecuting witness,) to his damage, &c.

After the testimony was closed, the defendant moved the Court to instruct the jury,—1. That to sustain the prosecution, the state must prove that the defendant assaulted *Patterson*, otherwise they must find him not guilty. 2. That if they should find from the evidence that *Patterson* assaulted and attacked the defendant, in consequence of which a fight ensued in which the defendant bit off a part of the ear of *Patterson*,

the defendant is not guilty as charged.  3. That if *Patterson* assaulted and attacked the defendant, in consequence of which they engaged in a fight, each trying to conquer the other, and the defendant during the fight bit. off a piece of *Patterson's* ear, the defendant is not guilty of a *mayhem*.  4. That if the defendant and *Patterson* agreed to fight together, and did actually fight in pursuance of that agreement, and during the fight the defendant bit off a piece of *Patterson's* ear, he is not guilty of a *mayhem*.  5. That if the jury believe that the father of the defendant was attacked, on his own premises, by *J. Patterson* and the said *A. Patterson*, and the defendant struck the said *A. Patterson* in defence of his father, and if in consequence of such striking a fight ensued, during which the defendant bit off a piece of the ear of said *A. Patterson*, he is not guilty of a *mayhem*.

The first instruction asked was given by the Court with this addition, that every *mayhem* includes an assault.  The remaining instructions asked for, the Court refused, but instructed the jury that it made no difference who commenced the attack, or who made the first assault; that the defendant was guilty of a *mayhem* as charged if he wilfully bit off a piece of the ear of said *A. Patterson*, unless he did it in necessary self-defence, or to protect himself from grievous bodily injury, &c.

The instructions we think were right.  A previous assault upon a defendant, in a prosecution of this kind, is evidence in justification under the plea of not guilty.  But in order to make it a good justification, it ought to appear that the striking by the defendant was in his own defence, and in proportion to the attack made on him.  The law is well settled, that a person thus assaulted may use as much force as is necessary for his. defence, but he may not kill, wound, or maim his antagonist,. unless it be necessary to save his life, or protect himself from. great bodily harm.  Every assault will not justify every battery.  *Son assault* is a good plea in *mayhem*, but it must appear that the degree of resistance was in proportion to the nature of the injury offered.  1 Bay's R. 351.—*Cockcroft* v. *Smith*, 2 Salk. 642.—1 Ld. Raym. 177.—Buller's N. P. 18.—2 Stark. Ev. 70.

*Per Curiam.*—The judgment is affirmed with costs.  To be certified, &c.

*C. H. Test*, for the plaintiff.

*W. Quarles*, for the state.